UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SERGIO A. CRANDALL,

        Plaintiff,

v.                               Case No. 8:09-cv-367-T-17TBM

OFFICER AARON PETERMAN,
et al.,

        Defendants.

_____

## O R D E R

The Court has for its consideration the pro se prisoner Plaintiff's civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed for failure to state a claim upon which relief may be granted because it is apparent from the face of the complaint that Plaintiff is seeking to have this Court intervene in his ongoing criminal proceeding in state court.

Factual Background

Crandall filed a civil rights complaint against the Defendants alleging that the defendant officer Peterman "pulled over the Plaintiff, Sergio A. Crandall" on May 22, 2008 in a parking area in front of Lakeland High School. Plaintiff alleges that he had his dog in his vehicle with him, and that when the officer pulled near him, his dog's movements prevented his placing his vehicle in park. As a result, he accidentally placed the vehicle in reverse. The officer yelled at him to place the vehicle in park, and when Plaintiff leaned over to look at the "gauge near the speedometer," the officer shot out Plaintiff's window and struck him in several places while Plaintiff was still inside his vehicle.

Plaintiff alleges that Peterman then exited his police vehicle and shot Plaintiff several times. Plaintiff yelled at the officer to stop and, because he had no where to go except backwards, accidentally and unintentionally backed his vehicle into the officer's marked patrol car.

Plaintiff alleges that Officer Peterman lied about what happened and that the additional defendants knowingly and willingly conspired with Peterman to cover up the incident, giving away vital evidence, obstructing justice, and committing perjury. Plaintiff alleges that he was falsely charged with resisting arrest,[1] a moving violation, and aggravated assault with a deadly weapon on a law enforcement officer.

As relief, Plaintiff seeks a jury trial; an injunction to half further destruction of evidence favorable to the Plaintiff; an injunction to halt the Defendants from preventing perjury; actual damages of $5 million; punitive damages in the amount of $10 million; an

---

[1] The online docket for the Tenth Judicial Circuit shows that the charge was resisting an officer with violence. (See attached docket sheet from Polk County).

order from this court to enforce the duties of a federal officer to arrest and indict the defendants; legal fees; and 10 expert witnesses.

## DISCUSSION

A Federal Court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit. *Younger v. Harris*, 401 U.S. 37 (1971). In the instant case, it is clear from the Circuit Court's docket that the pending state court criminal case was filed June 18, 2008, and that the criminal case precedes the initiation of the civil rights complaint. It is logical to conclude that Crandall is still being prosecuted and awaiting trial based on the events of May 2008 and for which he has described as the factual basis for this lawsuit. Since the State prosecution against Crandall commenced prior to the institution of this federal case; the appropriate forum to challenge the validity of his arrest and/or any subsequent search is the pending criminal court proceeding in State Court. See *Id.*

A review by this Federal Court of allegations which are inextricably intertwined with the criminal state court proceeding effectively requires that the Federal Court interfere with and/or supplant the authority invested in the State Criminal Court. Crandall's complaint focuses on claims of excessive force and conspiracy, which are directly related to charges pending before the criminal court.

Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also, Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The *Younger* court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.

3

> . . .
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
> . . .
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger,* 401 U.S. at 45-46 (citations and quotations omitted).

The *Younger* abstention doctrine does not preclude all federal court involvement any time there may be state proceedings. However, the doctrine does preclude involvement when the following conditions exist: a state judicial action is pending; the pending action implicates important state interests; and the state action is capable of addressing the federal constitutional question. *See Lee v. City of Rome, Ga.,* 866 F. Supp. 545, 549 (N.D. Ga. 1994) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975)).

The doctrine precludes this Court's involvement in Crandall's because Crandall has a state judicial action pending; the pending action implicates important state interests; and the state action is capable of addressing the federal constitutional question.

Accordingly, the Court orders:

1. That Crandall's complaint is dismissed. The Clerk is directed to enter judgment

4

against Crandall and to close this case.

2. That Crandall's motion to proceed in forma pauperis (Doc. No. 2) is denied as moot.

ORDERED at Tampa, Florida, on March 4, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Sergio A. Crandall